IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE BETHEA, | : | Civil No. 3:20-cv-1822 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
NOV 19 2020
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Terrence Bethea ("Bethea"), an inmate currently housed at the State Correctional Institution, Coal Township, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983, alleging that he is being incarcerated in excess of his maximum date of release. (Doc. 1). Bethea seeks to proceed *in forma pauperis*. (Doc. 7). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons that follow, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

> "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II.   Bethea's Complaint

In this civil rights action, Bethea alleges that he maxed out his original prison sentence and is being held in excess of his maximum date of release. (Doc. 1, pp. 3-5).

In June or July of 1983, Bethea was sentenced to a term of no less than three (3) years and no more than ten (10) years imprisonment for assault and various related offenses. (*Id.* at p. 3). His original maximum date for this sentence was in 1993. (*Id.*). On November 3, 1986, Bethea was released on parole. (*Id.*). In December 1991, while on parole, Bethea was arrested for assault of his parole officer. (*Id.*). In May 1992, Bethea

4

was convicted of assault and sentenced to a term of two (2) to twenty-three (23) months' imprisonment. (*Id.*).

The Parole Board reviewed Bethea's sentence and recalculated his maximum release date to 1998. (*Id.* at pp. 3-4). Bethea alleges that this recalculation resulted in his illegal detention. (*Id.* at p. 4).

Bethea further claims that his DNA was illegally taken in 1997. (*Id.* at p. 5). While incarcerated in 1997, a DNA sample was taken from Bethea based on his convictions for assault and related charges. (*Id.*). Bethea argues that the DNA Detection and Sexual and Violent Offenders Act (1995 DNA Act), permitted DNA collection only from sex offenders, and that his original sentence had expired prior to the enactment of the 1995 DNA Act, thus, the taking of his DNA was illegal. (*Id.* at pp. 5-6).

For relief, Bethea requests that Defendants "cease and desist from his illegal detention" and that his DNA be removed from his database. (*Id.* at p. 7).

## III.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Bethea's claim is not cognizable under § 1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Learner v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). It also applies to parole board decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

Any award or decision in Bethea's favor that concerns a decision made by the parole board changing his maximum date of release, would necessarily imply the invalidity of Bethea's detention. Consequently, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Rather, Bethea's proper avenue of recourse in the federal courts is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (holding that habeas relief is available to challenge the fact or duration of confinement).

As such, Bethea's complaint fails to state a claim upon which relief may be granted and must be dismissed. The Court is confident that service of process is unwarranted in this case and would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.

## IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Bethea's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and instead must be brought as a separate petition for writ of habeas corpus, granting leave to amend would be futile.

## V. Conclusion

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 19, 2020